UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETS

| | |
|---|---|
| FITZGERALD and COMPANY, )<br>                Plaintiff      )<br>                           )<br>V.                             )<br>                           )<br>MARTIN J. WALSH, as Secretary of the  )<br>of Labor; BRENT PARTON, as Principal Deputy  )<br>Assistant Secretary of the Employment & Training  )<br>Administration; BRIAN PASTERNAK, as the  )<br>Administrator of the Office of Foreign Labor  )<br>Certification; RENATA ADJIBODOU, as Acting  )<br>Regional Administrator of Employment & Training  )<br>Administration,             )<br>               Defendants   ) | CIVIL ACTION FILE No. 1:22-cv-10969 |

COMPLAINT FOR WRIT IN THE NATURE OF
MANDAMUS & DECLARATORY JUDGEMENT

NOW comes FitzGerald and Company, Plaintiff in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to compel action as a result of their failure to properly and timely adjudicate an Application for Permanent Employment Certification, Form ETA-9089, (also known as an LCA) properly filed by the Plaintiff, FitzGerald & Company, LLC. The application was filed and remains within the jurisdiction of the Defendants.

PARTIES

2. Plaintiff, FitzGerald and Company, is an immigration law firm which operates in Massachusetts, and which filed an LCA with the Defendants.

3. Defendant, Martin J. Walsh, is the Secretary of the Department of Labor, and this action is brought against him in his official capacity. He is generally charged with enforcement of the law, including 20 C.F.R. § 656, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Labor. 5 USCS § 301 and 29 USCS § 49k.

4. Defendant, Brent Parton, is the Principal Deputy Assistant Secretary of Employment & Training Administration and an official generally charged with supervisory authority over all operations of her division of the Department, with certain specific exceptions not relevant here. 29 USCS § 557.

5. Defendant, Brian Pasternak, is the Brian Pasternak, Administrator, Office of Foreign Labor Certification, Employment and Training Administration, generally charged with authority

over operations of his division of the Department, with certain specific exceptions not relevant here. As will be shown, the Defendant Administrator, is an official with whom Plaintiff's application, Form ETA 9089, was properly filed.

6. Defendant, Renata Adjibodou, Acting Regional Administrator of Employment & Training Administration, generally charged with authority over operations of her division of the Department, with certain specific exceptions not relevant here. As will be shown, the Defendant, is an official with whom Plaintiff's application, Form ETA 9089, was properly filed.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Plaintiff is located.

## EXHAUSTION OF REMEDIES

9. The Plaintiff has exhausted his administrative remedies. The Plaintiff has followed the required procedures and provided sufficient documentation that all the requirements have been met and there is no further administrative remedy available to prevent the Defendants current violations of the law.

## CAUSE OF ACTION

10. On July 26, 2021, the Plaintiff properly filed an Application for Permanent Employment Certification, Form ETA-9089, Case No. A-21165-01045, pursuant to 20 C.F.R. § 656, after it obtained a Prevailing Wage Determination from the Defendants and conducted all of the recruitment as required by law, for a Spanish-speaking legal assistant at an immigration law firm.

11. This Application was subjected to an Audit and a Request for Information, and in each occasion appropriate and sufficient evidence was provided to the Defendants, despite the questionable validity of the Request for Information. [The Request for Information sought additional evidence of why a legal assistant at an immigration law firm would be required to speak a foreign language, such as Spanish. A request which strands the bounds of logic and likely stretches beyond what is permitted by law.]

11. On May 15, 2022, without cause or justification and without notice for its basis, the Defendants issued a notice that the Plaintiff would be required to perform "Supervised Recruitment," a procedure that is only permitted in instances in which an employer substantially failed to produce required documentation, or the documentation was inadequate, or a material misrepresentation was made with respect to the application, or if it is appropriate for other reasons.

12. The Defendants issuance of a Notice for Supervised Recruitment without an appropriate basis is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately placed additional and unlawful requirements on the Plaintiff.

13. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

14. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding and unreasonably delaying action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

15. The Plaintiff has provided sufficient evidence in an attempt to secure the proper and timely adjudication of the LCA at issue, all to no avail. Accordingly, the Plaintiff has been forced to pursue the instant action.

## PRAYER

16. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a) requiring Defendants to properly adjudicate Plaintiff's LCA forthwith without any additional and unnecessary recruitment;

    (b) requiring Defendants to provide the Plaintiff with a Notice of Approval of the LCA;

    (c) awarding Plaintiffs reasonable attorney's fees; and

    (d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/ Desmond P. FitzGerald
Desmond P. FitzGerald
FitzGerald Law Company
185 Devonshire Street, Suite 601
Boston, Massachusetts 02110
Telephone (617) 523-6320
Facsimile  (617) 523-6324
dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881